UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

KELLY and JOSEPH REITER,   No. 07-11702

                    Debtor(s).
_____/

JOHN G. WARNER,

                    Plaintiff(s),

     v.   A.P. No. 09-1091

JOSEPH REITER,

                    Defendant(s).
_____/

Memorandum on Motion to Dismiss
_____

      This adversary proceeding is the latest installment in a litigation feud which stretches back for over a decade and involves both this court and the state courts. While defendant Joseph Reiter's motion to dismiss is now before the court, the court elects to treat it as a motion for summary judgment based on various court records and undisputed facts in an attempt to finally drive a stake through the heart of the monster this litigation has become.

      The litigation stretches back to 1999, but the relevant facts arise out of a state court action filed by plaintiff John Warner, who is an attorney, on behalf of one of the litigants in the prior proceedings. The state court found the complaint without merit and dismissed it on January 20, 2006, awarding

1

$46,845.00 in sanctions against Warner and in favor of debtor and defendant Joseph Reiter. Warner appealed.

In July of 2007, the state appellate court reversed the sanctions order. In August of 2007, Reiter and a co-defendant petitioned the California Supreme Court for review. On October 10, 2007, the California Supreme Court granted the petition of the co-defendant, but not Reiter.

On December 26, 2007, Reiter and his wife filed a Chapter 7 petition. They listed Warner as a creditor and he was given full notice of the bankruptcy. Reiter and his wife were discharged on August 20, 2008.

On March 26, 2009, the Reiter bankruptcy was reopened on Warner's application. On August 18, 2009, he filed the instant adversary proceeding. In the complaint Warner seeks revocation of Reiter's discharge and a determination that his claim for appellate costs are "nondischargeable" as a postpetition debt.

Revocation of the discharge is possible pursuant to § 727(d)(1) of the Bankruptcy Code for fraud in obtaining it, but the only "fraud" alleged by Warner is that the Reiters did not schedule their claim against him as an asset. However, when the Reiters filed their bankruptcy petition there was no asset; the state appellate court had reversed the sanctions award against Warner and the state Supreme Court had denied review. Moreover, to revoke a discharge for fraud the plaintiff must show that he did not know of the fraud and could not have discovered it until after entry of the discharge. Since Warner was scheduled as a creditor and knew about the bankruptcy, he could have easily discovered the "fraud" before entry of the discharge. A discharge may not be revoked for fraud if the party seeking revocation could have discovered the fraud before entry of the discharge by the exercise of reasonable diligence. *Mid-Tech Consulting, Inc., v. Swendra*, 938 F.2d 885, 888 (8th Cir. 1991); *In re Guadarrama,* 284 B.R. 463, 477 (C.D.Cal.2002). The mere fact that the bankruptcy was a "no-asset" case does not in any way excuse Warner from the diligence requirement; the possibility of a dividend has nothing to do with the debtor's discharge.

Warner seeks a declaration from the court that his claim for appellate costs is not subject to

Reiter's discharge because it was a postpetition debt. The flaw in this argument is that Warner knew, on the day the Reiters filed their bankruptcy petition, that he might have a claim against them if he prevailed in his appeal. Pursuant to § 727(b) of the Code, all dischargeable debts arising before the filing are discharged. Pursuant to § 101(12), "debt" means liability on a claim. Section 101(5) provides that a claim is any right to payment, whether or not it is liquidated, contingent or disputed. In order to facilitate a debtor's fresh start, Congress intended the term "claim" to have the broadest possible definition, including all legal obligations of the debtor, no matter how remote or contingent. *In re Parks*, 281 B.R. 899, 901 (Bkrtcy. E.D.Mich 2002).

     In determining if a debt which matured postpetition is considered to be a contingent prepetition debt subject to discharge, the court looks to the relationship between the debtor and the creditor and whether a possible claim was within the fair contemplation of the creditor when the petition was filed. *In re Jensen*, 995 F.2d 925, 931 (9th Cir. 1993); *In re Parks,* supra, at 902-03; *In re Morgan*, 197 B.R. 892 (N.D.Cal.1996), aff'd 131 F.3d 147 (9th Cir. 1997). On the day the Reiters filed their bankruptcy, the parties had a long litigation history between them and Warner knew he had a contingent claim against them if he prevailed on appeal. Accordingly the appellate costs, even though awarded after filing, are a prepetition debt subject to the discharge.

     Warner seeks relief based on the basis of "estoppel" because after filing Reiter unsuccessfully sought to be included in the appeal. However, there is no equitable basis for revocation of a discharge of which the court is aware, nor has Warner cited any authority for that proposition.

     For the foregoing reasons, Warner will take nothing by his complaint, which will be dismissed with prejudice. An appropriate order will be entered.

Dated: December 5, 2009

Alan Jaroslovsky
U.S. Bankruptcy Judge

3

# CERTIFICATE OF MAILING

I, the undersigned, a regularly appointed deputy clerk of the United States Bankruptcy Court for the Northern District of California, at Santa Rosa, hereby certify:

That I, in the performance of my duties as such clerk, served a copy of the foregoing document by depositing it in the regular United States mail at Santa Rosa, California on the date shown below, in a sealed envelope bearing the lawful frank of the Bankruptcy Judge, addressed as listed below.

Dated: December 10, 2009                    By : _____Katie Andersen_____
                                                                                                       Katie Andersen
                                                                                                       Deputy Clerk

Joseph Reiter
396 Spring Beauty Court
Windsor, CA 95492